[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS THIS ACTION AS TOTHE DETERMINATION OF THE CUSTODY OF THE MINOR CHILD, ISSUE OF THE MARRIAGE
After a plenary hearing and based upon the affidavits submitted by the parties, admissions, the pleadings, memoranda of law and with due regard to the arguments of counsel, the court rules as follows:
The plaintiff, George Gager, and the defendant, Jane Kirby Gager, intermarried in New London, Connecticut on April 21, 1990.
There is one minor child, issue of the marriage, namely Jacob Gerard Gager, born April 26, 1992.
By writ, summons and complaint, dated October 6, 1994, the plaintiff commenced this action seeking a dissolution of his marriage to the defendant.
At the time of the filing of this complaint, the defendant CT Page 3554 was a resident of New York, New York. The minor child, at all times during the marriage, resided with the defendant and at the time of the complaint was residing with the defendant in New York City.
By summons and notice, dated September 2, 1994, subscribed and sworn to on September 2, 1994 and personally served on the plaintiff on October 4, 1994, the defendant instituted an action for divorce from the plaintiff in New York and in said action seeks, inter alia, sole custody of Jacob.
Upon the separation of the parties, the minor child continued to reside, in New York, with the defendant. Jacob regularly resided with the plaintiff by agreement of the parties and in execution of the plaintiffs visitation rights.
Under the facts and circumstances of this case, the court concludes, as a matter of law, that it does not have jurisdiction to determine the custody of the minor child, Jacob.
The court expressly finds that, at the time of the institution of these proceedings, the home state[1] of the minor child, Jacob, was New York and that Connecticut was not the home state of Jacob.
Accordingly, pursuant to Connecticut General Statute Section 46b-93, the court, finding that New York is the home state of Jacob and that Connecticut is not rules, as a matter of law, that it does not have jurisdiction over the custody of the minor child and grants the defendant's motion to dismiss the proceedings with regard to the custody of the child.
SPALLLONE STATE TRIAL REFEREE